**UNITED STATES DISTRICTCOURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRANDON MARCHIONE,**                **CASE NO.: 8:20-cv-2997**

        **Plaintiff,**

**v.**

**PASCO COUNTY SHERIFF, CHRISTOPHER**
**NOCCO,**
**COLONEL JEFFREY HARRINGTON,**
**INSPECTOR JENNIFER CHRISTENSEN,**
**MAJOR JEFFREY PEAKE, MAJOR CRIMES UNIT,**
**CORPORAL JENNIE JONES, COORDINATOR OF**
**PASCO HERNANDO POLICE ACADEMY,**

        **Defendants.**

                            /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRANDON MARCHIONE (hereinafter "MARCHIONE"), by and through his undersigned attorney, files this Complaint and Demand for Jury Trial, individually, bringing this action against Defendants, PASCO COUNTY SHERIFF, CHRISTOPHER NOCCO (hereinafter "NOCCO"); and Colonel JEFFERY HARRINGTON (hereinafter "HARRINGTON"); Major of Patrol Operations; Inspector JENNIFER CHRISTENSEN (hereinafter "CHRISTENSEN"); Major JEFFERY PEAKE (hereinafter "PEAKE"), Major of Crimes Unit; and Corporal JENNIE JONES (hereinafter "CORP. JONES"), Coordinator of Pasco Hernando Police Academy.

## I.   JURISDICTION AND VENUE

1.     This action is brought to remedy claims for violations of 18 U.S.C.A. Sec. 1964, the Federal "racketeering" statute.

2.    This action also arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth, and Fourteenth Amendment to the United States Constitution, and applicable Florida Law.

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(4) because the claims arise under the laws of the United States and Plaintiff seek redress for violation of federal laws. There lies supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts and Plaintiff' federal claims asserted herein.

4.    Plaintiff seeks economic and compensatory damages, attorneys' fees and all other appropriate relief pursuant to governing law.

5.    This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over them, complying with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

6.    Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and defendants are deemed to reside where they are subject to personal jurisdictions, rendering Defendants residents of the Middle District of Florida.

## II.  PARTIES

7.    Plaintiff is a citizen of Florida and is a former employee of the Pasco County Sheriff's Office.

8.    Defendant, PASCO COUNTY SHERIFF, CHRISTOPHER NOCCO is a citizen of

2

Florida, and, for all times relevant to this complaint, was an employee of THE PASCO COUNTY SHERIFFF'S OFFICE, and is being sued in his official and individual capacity.

9. Defendant, PASCO COUNTY SHERIFF COLONEL, JEFFREY HARRINGTON is a citizen of Florida, and for all times relevant to this complaint, was an employee of THE PASCO COUNTY SHERIFFF'S OFFICE, and is being sued in his official and individual capacity.

10. Defendant, PASCO COUNTY SHERIFF INSPECTOR, JENNIFER CHRISTENSEN is a citizen of Florida, and for all times relevant to this complaint, was an employee of THE PASCO COUNTY SHERIFFF'S OFFICE, and is being sued in his official and individual capacity.

11. Defendant, PASCO COUNTY SHERIFF MAJOR, JEFFREY PEAKE is a citizen of Florida, and for all times relevant to this complaint, was an employee of THE PASCO COUNTY SHERIFFF'S OFFICE, and is being sued in his official and individual capacity.

12. Defendant, PASCO COUNTY SHERIFF CORPORAL, JENNIE JONES is a citizen of Florida, and for all times relevant to this complaint, was an employee of THE PASCO COUNTY SHERIFFF'S OFFICE, and is being sued in his official and individual capacity.

## GENERAL ALLEGATIONS

13. The named Defendants have engaged in a pattern and practice, through the Pasco Sheriff's Office, of engaging in "racketeering activity" through: Mail Fraud-18 U.S. Code § 1341, Wire fraud-18 U.S. Code § 1343, Theft or embezzlement from employee benefit plan.– 18 U.S. Code § 664, and 18 U.S. Code § 1961(1) including extortion.

14. Defendants' conduct violates the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("Federal RICO"), and Florida's Racketeering Statute, Chapter

895 et seq. (Florida "RICO"), as more fully set forth below.

15. The Plaintiff's individual experiences of intimidation, coercion, extortion and other unethical behavior by the Defendants, his supervisors at the Pasco County Sheriff's Office is well documented and is set out in the body of the Complaint.

16. The customs and practices of the conduct engaged in by the Defendants is predicated on the targeting of Plaintiffs (and others) who would not exhibit undying loyalty to all operational demands the Defendants placed on Plaintiffs, regardless of their legality or constitutionality.

17. At the foundation of this case is the Defendants' implementation of "Intelligence Led-Policing" (ILP). This unique form of criminological policing was implemented by the Sherriff's Office in 2011, and "we have continuously been in the process of improvising, adapting, and overcoming to consistently create positive results in or operations. A copy of the ILP Manual s attached hereto and incorporated herein as Exhibit "A."

18.  The "core components" of ILP are predicated in the belief that "6% of criminals commit 60% percent of the crime and others point to 20% of the criminals committing 80% of the crime."

19. The ILP philosophy targets those deemed to be "prolific offenders," and the ILP dictates "it is incumbent on us to focus our efforts on those criminals who we have reason to believe are frequent or prolific offenders."

20. The major problem with the ILP practices demanded by the SHERIFF'S OFFICE is the concept that, "Speed is critical to success and bureaucratic processes that delay implementation must be overcome." The problem is that the "bureaucratic processes" contemplated by the ILP practices are the fundamental constitutional considerations of

"probable cause" and the many other constitutional protections that apply to all citizens in a free society.

21. An overarching consideration in this action is that any resistance to the unconstitutional actions demanded by implementation of the ILP by any Plaintiff would result in the swift application of the various tools used by the Defendants which are alleged to comprise the "predicate acts" supporting the "racketeering" conduct described herein.

22. Any resistance, opposition, comment, or even the slightest hint of not "playing along" with these operational demands would be subject to Defendants inflicting abuse, intimidation, threatened or actual incarceration, extortion, defamation and permanent damage to Plaintiffs' ability to pursue alternative careers in law enforcement.

23. When the Defendants did not get what they wanted, they retaliated against the Plaintiffs with baseless internal departmental investigations intended to ruin the Plaintiffs' careers and, in some instances, prevented him from gaining employment with any other law enforcement agency.

24. Plaintiff was employed with Pasco Sheriff's Office from approximately November of 2010 through November of 2015.

25. Plaintiff received dual certification as a corrections officer and was also cleared for road duty.

26.  When Plaintiff was denied his request to be a road Deputy, he made it known that he had applied to Tampa Police Department, and he was then offered the position of road Deputy.

27. Plaintiff's wife was arrested in approximately 2011, and, pursuant to Pasco Sheriff's Office's General Order, he apprised all required commanding Staff.

28. In approximately 2012, Defendants, NOCCO, HARRINGTON, PEAKE, CHRISTENSON and CORP. JONES had the orientation coordinator pull Plaintiff, MARCHIONE out of class the day before beginning Field Training Officer, and informed him that he had an Internal Affairs Investigation pending for conduct unbecoming and informal statements.

29. Defendants, NOCCO, HARRINGTON, PEAKE, CHRISTENSEN and CORP. JONES transferred Plaintiff, MARCHIONE back to jail duty, denying him of being a road Duty until he was cleared of the Internal Affairs Investigation.

30. After the Internal Affairs Investigation was cleared, Plaintiff was denied road Deputy by Defendants, NOCCO, HARRINGTON, PEAKE, CHRISTENSEN and CORP. JONES, and forced to remain on jail duty.

31. Plaintiff was charged with a second random and unfounded Internal Affairs Complaint for the same type of Complaint as the first one in 2013.

32. Plaintiff was cleared of his Second Internal Affairs Investigation, but soon after, a Third Internal Affairs Complaint for conduct unbecoming was filed against him.

33. Internal Affairs Investigators went to all of Plaintiff neighbors asking if Plaintiff was still in a relationship with his then fiancé, who is now his wife, while her criminal case was pending.

34. During his Third Internal Affairs Complaint, Plaintiff was fired by Defendants, NOCCO, HARRINGTON, PEAKE, CHRISTENSEN and CORP. JONES.

35. Defendants, NOCCO, HARRINGTON, PEAKE, CHRISTENSEN and CORP. JONES later amended Plaintiff, MARCHIONE's termination to "resigned."

**COUNT I:**

## A DESCRIPTION OF THE PREDICATE ACTS SUPPORTING VIOLATIONS OF FEDERAL AND STATE RACKETEERING STATUTES

36. Plaintiff re-alleges and re-incorporates paragraphs 1-35 above as if set forth fully herein.

A. The conduct described in the General Allegations above shows that the Defendants violated 18 U.S.C. § 1341 – Mail Frauds section "devise any scheme or artifice to defraud… by means of false or fraudulent pretenses", The third fraudulent Internal Affairs Complaint, filed in relation to the first two, filed and pursued with the intent to harass the Plaintiff in an effort to force him to resign. The Defendant's pursued all three complaints for alleged contacts with a criminal, who was his fiancé and mother of his child, and was not convicted of any criminal offenses, where the charges were dropped after the Plaintiff was terminated.

B. The conduct described in the General Allegations above shows that the Defendants violated 18 U.S.C §1343 – Wire Frauds section under these same grounds, as all documents, and notices transmitted, drafted, or received in relation to these fraudulent proceedings were transmitted either by mail or electronic means.

C. The conduct described in the General Allegations above shows that the Defendants within the meeting, and through both the guidance and chain of command violated 18 U.S.C. § 1961(1)(A) – Racketeering Activity "any act or threat involving … extortion" when threatening the Plaintiff to resign or face dismissal in relation to the fraudulent and unjust complaints filed against him.

D.      The conduct described in the General Allegations above shows that the Defendants conspired to violate 18 U.S. Code § 664. – Theft or embezzlement from employee benefit plan "any person who embezzles, steals, or unlawfully and willfully abstracts . . . any of the moneys, funds, securities, premiums, credits, property, or other assets of any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith . . ."

E.      The conduct described in the General Allegations above shows that the Defendants engaged in threats or extortion in violation of Fla. Stat. § 836.05, violated Fla. Stat. § 837, violated Fla. Stat. § 895.02(8)(b) by engaging in conduct defined as "racketeering activity" under 18 U.S.C. s. 1961(1) including extortion, and knowingly and intentionally violated the above listed laws, committing clear cut predicate offenses establishing violations of Federal and State RICO laws, and conspired to interfere with civil rights violations, proximately causing Plaintiffs actual, consequential and special damages.

**PRAYER FOR RELIEF**

Plaintiff MARCHIONE demands judgment and other relief as follows:

A.      An award to Plaintiff's actual, consequential and special damages shown to be caused by Defendants;

B.      Judgment in an amount equal to three times actual damages sustained by the plaintiff, pursuant to 18 U.S.C. § 1964(c);

C.      Reasonable attorney's fees, pursuant to 18 U.S.C. § 1964(c);

D.      Judgment in an amount equal to three times actual damages sustained by Plaintiff,

pursuant Fla. Sta. § 895 et seq.;

E.      Any damages, fees, and costs provided pursuant to Fla. Sta. § 772.104 et

seq.;

F.      Such relief as this Court deems necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs herein would demand a JURY TRIAL on all issues so triable.

Respectfully submitted this ___ Day of _____, 2020.


_____
John F. McGuire, Esq
Florida Bar No.: 0000401
McGuire Law Offices, P.A.
1173 NE Cleveland Street
Clearwater, Fl 33755
(P) 727-446-7659
(F) 727-446-0905
info@mcguirelawoffices.com
rgray@mcguirelawoffices.com
ryanramirez@mcguirelawoffices.com

/s/Luke Lirot_____
Luke Lirot, Esq.
Florida Bar Number 714836
LUKE CHARLES LIROT, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
*Co-Counsel for Plaintiff*
luke2@lirotlaw.com  (primary e-mail)
krista@lirotlaw.com (secondary e-mail)
sean@lirotlaw.com (secondary e-mail)